**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:15-cr-00051 (CKK) |
| | : | |
| v. | : | 17 U.S.C. § 506(a)(1)(B); |
| | : | 18 U.S.C. § 2319(c) |
| | : | |
| RICARDO TAYLOR | : | Hearing Date: August 13, 2015 |
| | : | |

## UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States respectfully submits this Memorandum in Aid of Sentencing.

Defendant Ricardo Taylor was charged by Information on April 16, 2015, with one count of Criminal Infringement of a Copyright, in violation of 17 U.S.C. § 506(a)(1)(B) and 18 U.S.C. § 2319(c).  He entered a plea of guilty to that charge pursuant to a negotiated plea agreement at his initial appearance before the Court on May 6, 2015.  The Court scheduled a sentencing hearing for August 13, 2015.

The violation of 17 U.S.C. § 506(a)(1)(B) and 18 U.S.C. § 2319(c) subjects defendant Taylor to a statutory maximum punishment of three years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571; a term of supervised release of no more than one year, pursuant to 18 U.S.C. § 3583(b)(3); mandatory restitution under 18 U.S.C. § 3663A; a special assessment of $100 per felony conviction payable to the Clerk of the Court; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.  The United States agrees with the Sentencing Guidelines Calculation set forth in the Presentence Investigation Report, and notes that the guidelines imprisonment range is 10 months to 16 months, and the fine range is $3,000 to $30,000.  The United States does not contest the conclusion in the Presentence Investigation Report that defendant Taylor has no ability to pay a fine.

1

This was a serious crime, in which the defendant used his position as a government employee to financially enrich himself by illegally copying and distributing to his colleagues motion pictures that were subject to copyright protections.  Such conduct had the potential to unfairly reduce the value of the motion pictures, degrade the legitimate rights of their creators, and diminish the development of more creative works for public enjoyment.  Defendant Taylor committed his crime in a brazen manner, utilizing his work e-mail to communicate with numerous colleagues in order to further the illicit business venture.

Defendant Taylor, however, also did the right thing by accepting responsibility for his conduct by pleading guilty.  He has been compliant with his pre-sentence release obligations, and has no prior convictions.  The Presentence Investigation Report reveals that defendant Taylor has a history of employment, and enjoys the support of family in the area.

The United States does not seek an award of restitution as part of the sentence, due to difficulty determining the amount of actual loss suffered by any victims as a result of the conduct.  In a similar circumstance, the D.C. Court of Appeals recently found that a district court abused its discretion in awarding restitution in a copyright infringement case where the evidence was unclear on whether the defendant's conduct "in fact thwarted actual sales of the victim's product." United States v. Fair, 699 F.3d 508, 514 (D.C. Cir. 2012).  The Court of Appeals noted that "a defendant's gain is not an appropriate measure of the victim's actual loss in [Mandatory Victims Restitution Act] calculations." Id. at 513.  Counsel for the United States reached out to the Motion Picture Association of America, a trade group representing the major American motion picture studios, to inform the group of the August 13 sentencing date and that there may be a right to present a Victim Impact Statement if desired.

Imposition of a sentence within the Guidelines Range will adequately deter the defendant and other individuals in the community from committing similar crimes in the future, and will effectively punish the defendant for his conduct here.

Respectfully submitted,

VINCENT H. COHEN, JR.
ACTING UNITED STATES ATTORNEY

BY:     /MJF/
Michael J. Friedman
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2015, I caused a copy of this Memorandum in Aid of Sentencing to be served via the Court's Electronic Filing System on Tom Heslep, Esq.

                                                                         /MJF/
                                                     Michael J. Friedman