# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES                                              No. 1:15-cr-51 (CKK)

V.

RICARDO TAYLOR                                             Sent. 8/13/15

## MEMORANDUM IN AID OF SENTENCING

Ricardo Taylor, through counsel, respectfully states to following regarding his sentencing in this case.

Mr. Taylor's conduct in this case involved illegally selling copies of movies, largely at his workplace, in the Department of Labor. His guideline range has been correctly set at 10-16 months, based upon a final offense level score of 12, and a criminal history level one. This is in Zone C, and so a guideline compliant sentence appears to require at least five months of imprisonment.

Pursuant to section four of the plea agreement, Mr. Taylor asks for a sentence that does not involve imprisonment, based upon the following factors set forth in 18 U.S.C. 3553(a).

Mr. Taylor has no criminal involvement save for this offense.

Mr. Taylor has an excellent work history. Not only has he been employed at the Department of Labor from 1975 to 2013, he has also worked in movie theaters since 2004, as a second, part time job. He retired from the federal government due to this incident. However he has maintained employment as a manager of a theater throughout the period since his retirement. Should Mr. Taylor be imprisoned, he would lose that job.

Mr. Taylor has a close relationship with his daughter and granddaughter, for whom he has some child care responsibilities. A sentence of imprisonment would tend to disrupt the relationship with his young granddaughter.

Imprisonment of Mr. Taylor for a short time would not better promote the goals of a sentence as set forth in the statute. While this offense was serious, in some senses, it is not likely to have done great harm to anyone. A quick analysis of the matter shows that the measure of 'loss' for the guidelines – retail value- is likely to be much greater than the real loss, if any. Of course, any retailer has expenses and profits at a rate much less than the retail price. And it is also clear that many of Mr. Taylor's customers would not have purchased a movie at retail price in any event. Thus it is not possible to determine real loss, and that tends to mitigate the seriousness of the crime.

The court does not need a sentence of imprisonment to promote respect for the law or deter such conduct. Mr. Taylor has not gotten off light in this matter, nor will he if he is sentenced to something short of imprisonment. He retired early, involving monetary loss. He has suffered a felony conviction.

It is also fairly certain that a sentence of imprisonment is not needed to deter Mr. Taylor from further crimes. He has shown throughout his life that he is largely an honest citizen. Given the disruption in his life that this case has caused, he is not likely to re-offend.

In short, a prison term in this case would do more harm than good to the community as a whole.

Respectfully submitted,

///TTH\\\

Thomas T. Heslep
Counsel for Taylor
419 7th Street, NW, #405
Washington, D.C. 20004
Tel. 202 628-0293
Bar no. 351726

Service:  Via ECF upon Michael Friedman, AUSA, this 29th day of July, 2015.

TTH///

3